**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

December 23, 2019

**BY CM/ECF**

Hon. Cathy Seibel
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal
   Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re: *Jose Rivera v. United States*, No. 7:16-cv-4983-CS
*United States v. Jose Rivera*, No. 7:16-cr-169-CS-1**

Dear Judge Seibel:

I respectfully submit this letter in response to the Court's order of December 9, 2019, directing Mr. Rivera to provide an update regarding his pending motion under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Mr. Rivera intends to pursue his *Johnson* motion but cannot proceed in this Court until he receives permission to do so from the Second Circuit.

As the Court is aware, Mr. Rivera sought permission from the United States Court of Appeals for the Second Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255. *See* Second Circuit Nos. 16-2256; 16-1683. Both cases were stayed pending final decisions in *United States v. Hill*, Second Circuit No. 14-3872, and *United States v. Barrett*, Second Circuit No. 14-2641. After those cases were decided, Mr. Rivera's leave applications, like many others, were held in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B) is "unconstitutionally vague." *See id.* In turn, the Second Circuit held that because the residual clause at § 924(c)(3)(B) is unconstitutionally vague, conspiracy to commit Hobbs Act robbery—which could qualify only under the

residual clause—was not a crime of violence for purposes of § 924(c). *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).

Following those decisions, on October 28, 2019, Mr. Rivera filed a request in the Circuit to lift the stay of his applications and grant him permission to proceed with the second/successive § 2255 motion that is pending before this Court. *See* Dkt. No. 25, 16-2256. Mr. Rivera argued that, after *Davis*, attempted Hobbs Act robbery is not a "crime of violence" because that inchoate offense does not have as an element the use, attempted use, or threatened use of physical force. *See id.* On November 15, 2019, the Government filed a letter opposing Mr. Rivera's request. *See* Dkt. No. 31, 16-2256. The parties await the Second Circuit's decision.

Therefore, we ask this Court to continue to hold Mr. Rivera's *Johnson* petition in abeyance pending the Second Circuit's decision regarding his leave applications. (In the alternative, the Court can immediately transfer Mr. Rivera's § 2255 motion to the Second Circuit, *see Corrao v. United States*, 152 F.3d 188, 190–91 (2d Cir. 1998). However, this may only lead to additional confusion.) Given that the parties have completed their submissions to the Circuit, we respectfully request that this Court hold his instant petition in abeyance until a decision is rendered. Within 30 days of receiving that decision, Mr. Rivera will file a brief with this Court.

Respectfully submitted,

/s/
Sylvie Levine
Assistant Federal Defender
212-417-8729

Application granted. Petitioner shall advise the Court within 7 days if the application to file a second/successive petition is denied, and shall file a brief within 30 days if it s granted. If Petitioner files a brief, the Government will have 30 days to respond, and Petitioner will have 14 days to reply.

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

12/26/19

cc: Counsel of Record (by ECF)